UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at LONDON

CIVIL ACTION NO. 08-131-GWU

RICKY BOWERS,                                                              PLAINTIFF,

VS.                      **MEMORANDUM OPINION**

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY,              DEFENDANT.

## INTRODUCTION

Ricky Bowers brought this action to obtain judicial review of an unfavorable administrative decision on his application for Disability Insurance Benefits (DIB). The case is before the court on cross-motions for summary judgment.

## APPLICABLE LAW

The Sixth Circuit Court of Appeals has set out the steps applicable to judicial review of Social Security disability benefit cases:

1. Is the claimant currently engaged in substantial gainful activity? If yes, the claimant is not disabled. If no, proceed to Step 2. See 20 C.F.R. 404.1520(b), 416.920(b).

2. Does the claimant have any medically determinable physical or mental impairment(s)? If yes, proceed to Step 3. If no, the claimant is not disabled. See 20 C.F.R. 404.1508, 416.908.

3. Does the claimant have any severe impairment(s)--i.e., any impairment(s) significantly limiting the claimant's physical or mental ability to do basic work activities? If yes, proceed to Step 4. If no, the claimant is not disabled. See 20 C.F.R. 404.1520(c), 404.1521, 416.920(c), 461.921.

1

4.    Can the claimant's severe impairment(s) be expected to result in death or last for a continuous period of at least 12 months? If yes, proceed to Step 5. If no, the claimant is not disabled. See 20 C.F.R. 404.920(d), 416.920(d).

5.    Does the claimant have any impairment or combination of impairments meeting or equaling in severity an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Listing of Impairments)? If yes, the claimant is disabled. If no, proceed to Step 6. See 20 C.F.R. 404.1520(d), 404.1526(a), 416.920(d), 416.926(a).

6.    Can the claimant, despite his impairment(s), considering his residual functional capacity and the physical and mental demands of the work he has done in the past, still perform this kind of past relevant work? If yes, the claimant was not disabled. If no, proceed to Step 7. See 20 C.F.R. 404.1520(e), 416.920(e).

7.    Can the claimant, despite his impairment(s), considering his residual functional capacity, age, education, and past work experience, do other work--i.e., any other substantial gainful activity which exists in the national economy? If yes, the claimant is not disabled. See 20 C.F.R. 404.1505(a), 404.1520(f)(1), 416.905(a), 416.920(f)(1).

Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984).

Applying this analysis, it must be remembered that the principles pertinent to the judicial review of administrative agency action apply. Review of the Commissioner's decision is limited in scope to determining whether the findings of fact made are supported by substantial evidence. Jones v. Secretary of Health and Human Services, 945 F.2d 1365, 1368-1369 (6th Cir. 1991). This "substantial evidence" is "such evidence as a reasonable mind shall accept as adequate to

support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight.  Garner, 745 F.2d at 387.

One of the detracting factors in the administrative decision may be the fact that the Commissioner has improperly failed to accord greater weight to a treating physician than to a doctor to whom the plaintiff was sent for the purpose of gathering information against his disability claim.  Bowie v. Secretary, 679 F.2d 654, 656 (6th Cir. 1982).  This presumes, of course, that the treating physician's opinion is based on objective medical findings.  Cf. Houston v. Secretary of Health and Human Services, 736 F.2d 365, 367 (6th Cir. 1984); King v. Heckler, 742 F.2d 968, 973 (6th Cir. 1984).  Opinions of disability from a treating physician are binding on the trier of fact only if they are not contradicted by substantial evidence to the contrary.  Hardaway v. Secretary, 823 F.2d 922 (6th Cir. 1987).  These have long been well-settled principles within the Circuit.  Jones, 945 F.2d at 1370.

Another point to keep in mind is the standard by which the Commissioner may assess allegations of pain.  Consideration should be given to all the plaintiff's symptoms including pain, and the extent to which signs and findings confirm these symptoms.  20 C.F.R. § 404.1529 (1991).  However, in evaluating a claimant's allegations of disabling pain:

> First, we examine whether there is objective medical evidence of an underlying medical condition.  If there is, we then examine:  (1) whether objective medical evidence confirms the severity of the

alleged pain arising from the condition; or (2) whether the objectively established medical condition is of such a severity that it can reasonably be expected to produce the alleged disabling pain.

Duncan v. Secretary of Health and Human Services, 801 F.2d 847, 853 (6th Cir. 1986).

Another issue concerns the effect of proof that an impairment may be remedied by treatment. The Sixth Circuit has held that such an impairment will not serve as a basis for the ultimate finding of disability. Harris v. Secretary of Health and Human Services, 756 F.2d 431, 436 n.2 (6th Cir. 1984). However, the same result does not follow if the record is devoid of any evidence that the plaintiff would have regained his residual capacity for work if he had followed his doctor's instructions to do something or if the instructions were merely recommendations. Id. Accord, Johnson v. Secretary of Health and Human Services, 794 F.2d 1106, 1113 (6th Cir. 1986).

In reviewing the record, the court must work with the medical evidence before it, despite the plaintiff's claims that he was unable to afford extensive medical work-ups. Gooch v. Secretary of Health and Human Services, 833 F.2d 589, 592 (6th Cir. 1987). Further, a failure to seek treatment for a period of time may be a factor to be considered against the plaintiff, Hale v. Secretary of Health and Human Services, 816 F.2d 1078, 1082 (6th Cir. 1987), unless a claimant simply has no way to afford or obtain treatment to remedy his condition, McKnight v. Sullivan, 927 F.2d 241, 242 (6th Cir. 1990).

Additional information concerning the specific steps in the test is in order.

Step six refers to the ability to return to one's past relevant category of work. Studaway v. Secretary, 815 F.2d 1074, 1076 (6th Cir. 1987). The plaintiff is said to make out a prima facie case by proving that he or she is unable to return to work. Cf. Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983). However, both 20 C.F.R. § 416.965(a) and 20 C.F.R. § 404.1563 provide that an individual with only off-and-on work experience is considered to have had no work experience at all. Thus, jobs held for only a brief tenure may not form the basis of the Commissioner's decision that the plaintiff has not made out its case. Id. at 1053.

Once the case is made, however, if the Commissioner has failed to properly prove that there is work in the national economy which the plaintiff can perform, then an award of benefits may, under certain circumstances, be had. E.g., Faucher v. Secretary of Health and Human Services, 17 F.3d 171 (6th Cir. 1994). One of the ways for the Commissioner to perform this task is through the use of the medical vocational guidelines which appear at 20 C.F.R. Part 404, Subpart P, Appendix 2 and analyze factors such as residual functional capacity, age, education and work experience.

One of the residual functional capacity levels used in the guidelines, called "light" level work, involves lifting no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds; a job is listed in this category

if it encompasses a great deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls; by definition, a person capable of this level of activity must have the ability to do substantially all these activities. 20 C.F.R. § 404.1567(b). "Sedentary work" is defined as having the capacity to lift no more than ten pounds at a time and occasionally lift or carry small articles and an occasional amount of walking and standing. 20 C.F.R. § 404.1567(a), 416.967(a).

However, when a claimant suffers from an impairment "that significantly diminishes his capacity to work, but does not manifest itself as a limitation on strength, for example, where a claimant suffers from a mental illness . . . manipulative restrictions . . . or heightened sensitivity to environmental contaminants . . . rote application of the grid [guidelines] is inappropriate . . ." Abbott v. Sullivan, 905 F.2d 918, 926 (6th Cir. 1990). If this non-exertional impairment is significant, the Commissioner may still use the rules as a framework for decision-making, 20 C.F.R. Part 404, Subpart P, Appendix 2, Rule 200.00(e); however, merely using the term "framework" in the text of the decision is insufficient, if a fair reading of the record reveals that the agency relied entirely on the grid. Ibid. In such cases, the agency may be required to consult a vocational specialist. Damron v. Secretary, 778 F.2d 279, 282 (6th Cir. 1985). Even then, substantial evidence to support the Commissioner's decision may be produced through reliance on this expert testimony only if the hypothetical question given to the expert

accurately portrays the plaintiff's physical and mental impairments. <u>Varley v. Secretary of Health and Human Services</u>, 820 F.2d 777 (6th Cir. 1987).

## DISCUSSION

The Administrative Law Judge (ALJ) concluded that Bowers, a 44-year-old former heavy equipment operator with a high school equivalent education, suffered from impairments related to a depressive disorder, a personality disorder, borderline intelligence, cervical disc and joint disease, and hypertension. (Tr. 15, 20-21). While the plaintiff was found to be unable to return to his past relevant work, the ALJ determined that he retained the residual functional capacity to perform a restricted range of light level work. (Tr. 18, 20). Since the available work was found to constitute a significant number of jobs in the national economy, the claimant could not be considered totally disabled. (Tr. 21-22). The ALJ based this decision, in large part, upon the testimony of a vocational expert. (Tr. 21).

After review of the evidence presented, the undersigned concludes that the administrative decision is not supported by substantial evidence. However, the current record also does not mandate an immediate award of DIB. Therefore, the undersigned must grant the plaintiff's summary judgment motion in so far as it seeks a remand of the action for further consideration and deny that of the defendant.

The hypothetical question presented to Vocational Expert Bill Ellis included an exertional limitation to light level work restricted from a full range by such non-exertional limitations as (1) an inability to more than occasionally perform overhead

reaching with the right upper extremity; (2) an inability to more than frequently perform reaching in all directions, handling, fingering or fine manipulation; and (3) a need to avoid exposure to unprotected heights or around dangerous hazardous equipment. (Tr. 323-324). The ALJ indicated that the individual would remain capable of performing simple and detailed tasks, limited to object-focused work settings with no more than occasional public contact and could adapt to routine workplace changes. (Tr. 324). In response, Ellis identified a significant number of jobs in the national economy which could still be performed. (Id.). The ALJ then presented another hypothetical question including an exertional limitation to sedentary level restricted from a full range by (1) an inability to more than occasionally perform overhead reaching with the right upper extremity; (2) an inability to more than frequently perform reaching, handling, gripping, grasping and fine or gross manipulation with the right hand; (3) a need to avoid exposure to unprotected heights or dangerous hazardous equipment; (4) an inability to ever operate motor vehicles; (5) a limitation to jobs requiring no more than simple instructions; (6) a limitation to no more than superficial occasional interaction with co-workers and supervisors; (7) a need to avoid contact with the general public; and (8) a limitation to routine workplace changes. (Tr. 324-325). The witness again identified a significant number of jobs in the national economy which could still be done. (Tr. 325). The ALJ relied upon this testimony to support the administrative decision.

With regard to the framing of the physical factors of the hypothetical question, the undersigned finds no error. Bowers testified that Dr. Magdy El-Kalliny, a treating source, restricted him from lifting more than 20 pounds and that this was the only functional restriction imposed by the physician. (Tr. 314). The physical factors of the hypothetical question are consistent with this opinion. More severe physical limitations than those found by the ALJ were not reported by such treating and examining sources as Dr. Yogendra Prasad (Tr. 101-104), Dr. Michael Simons (Tr. 105-111), the staff at Jellico Community Hospital (Tr. 112-114), and the staff at the Baptist Regional Medical Center (Tr. 223-224). Thus, the ALJ dealt properly with this portion of the administrative decision.

The ALJ did not deal properly with evidence of record relating to Bowers' mental condition. Dr. Kevin Eggerman examined the plaintiff and diagnosed a depressive disorder. (Tr. 119). Dr. Eggerman identified the existence of a number of mental limitations including a (1) "mild" limitation of ability to handle detailed instructions and to respond appropriately to changes in a routine work setting; and (2) a "mild to moderate" limitation of ability to interact appropriately with the public, supervisors and the public, and to respond appropriately to work pressures. (Tr. 119-120). The ALJ cited this report as being in support of his denial decision. (Tr. 19-20). However, the initial hypothetical upon which the ALJ ultimately relied did not include the doctor's restrictions upon working with co-workers and supervisors or the limitation concerning work pressures. The alternative second question did not

include the limitation concerning work pressures. While this report does not suggest the existence of a totally disabling mental impairment by itself, the mental limitations, when considered with the other extensive restrictions found by the ALJ, could be disabling and, so, these should have been presented to the vocational expert. Therefore, this report does not support the administrative decision.

Psychologist Reba Moore, another examiner, diagnosed a dysthymic disorder, a partner relational problem, borderline intellectual functioning, and a personality disorder. (Tr. 147). Moore rated Bowers' level of functioning in all areas of making occupational adjustments as "fair." (Tr. 148). Handling detailed instructions, relating predictably in social situations and demonstrating reliability were also noted to be "fair." (Tr. 149). "Fair" was defined as "ability to function in this area is seriously limited, but not precluded." (Tr. 148). Thus, this report suggests far more severe mental limitations than those found by the ALJ. Therefore, Moore also does not support the administrative decision.

Dr. Gopal Rastogi examined Bowers and diagnosed depression, insomnia and fatigue. (Tr. 141). Dr. Rastogi opined that the plaintiff could not handle <u>any</u> pressure, a restriction not presented to the vocational expert. (Id.). The doctor also opined that the claimant, was "not fit for gainful employment." (Id.). This is an opinion reserved to the Commissioner under the federal regulations and not binding on the ALJ. 20 C.F.R. § 404.1527(e)(1). Nevertheless, this opinion also does not support the administrative decision.

10

08-131  Ricky Bowers

Bowers sought treatment for his mental problems at the Cumberland River Comprehensive Care Center (Tr. 122-139, 254-291). William Keene, a treating licensed clinical social worker, reported a diagnosis of major depressive disorder. (Tr. 122). Keene opined that the plaintiff would not be able to maintain employment. (Id.).  This would also be an opinion concerning an issue reserved to the Commissioner and, so would also not be binding on the ALJ.  As a licensed clinical social worker, Keene would not qualify as an "acceptable medical source" whose opinion would be binding on the ALJ under the federal regulations.  20 C.F.R. § 404.1513.  However, this opinion would certainly not support the administrative decision.

Psychologists Jane Brake (Tr. 181-184) and Ed Ross (Tr. 199-202) each reviewed the record and identified mental limitations.  The ALJ indicated that he was relying upon these opinions in evaluating Bowers' mental condition.  (Tr. 19).  An ALJ may rely upon the opinion of a non-examiner over that of an examining source when the non-examiner clearly states the reasons for their differing opinion.  Barker v. Shalala, 40 F.3d 789, 794 (6th Cir. 1994).  In the present action, neither reviewer had the opportunity to see and comment upon the opinion of Moore and neither indicated why their opinions differed from those of Dr. Eggerman and Dr. Rastogi on the issue of exposure to work pressures.  As a result, these opinions were not sufficient to offset those of the examining sources.  Therefore, a remand of the action for further consideration of the claimant's mental condition is required.

08-131  Ricky Bowers

The undersigned concludes that the administrative decision must be reversed and the action remanded to the Commissioner for further consideration. Therefore, the court must grant the plaintiff's summary judgment motion in so far as it seeks a remand of the action for further consideration and deny that of the defendant. A separate judgment and order will be entered simultaneously consistent with this opinion.

This the 8th day of April, 2009.

Signed By:

*G. Wix Unthank*

**United States Senior Judge**